Carroll K. ST. GERMAIN, Petitioner,

v.

Michael CORSINI, Respondent.

Civil Action No. 08–11765–NMG.

United States District Court, D. Massachusetts.

Oct. 20, 2009.

Anne Marie Thomas, Office of the Attorney General, Boston, MA, for Respondent.

---

120. *Volle,* 69 F.Supp.2d at 176.

## MEMORANDUM & ORDER

GORTON, District Judge.

Before the Court is Petitioner Carroll St. Germain's ("St. Germain") motion to issue a certificate of appealability ("COA").

## I. *Background*

St. Germain was convicted of assault and two counts of first degree murder in 1978. He filed his first habeas petition in 1997 which was denied without prejudice for failure to exhaust state remedies. St. Germain subsequently returned to state court where his motion was again denied. In October, 2008, he filed a second habeas petition in federal court. On August 14, 2009, over Petitioner's objections, this Court accepted and adopted Magistrate Judge Bowler's Report and Recommendation ("R & R") and dismissed the case as time barred because St. Germain had waited too long to present his unexhausted claims in state court and because he had not established grounds for equitable tolling. St. Germain now seeks a COA to appeal.

## II. *Legal Analysis*

### A. Legal Standard

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application. 1st Cir. Loc. R. 22.1(a).

The standard for a COA depends upon whether the original petition was denied on substantive or procedural grounds. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because St. Germain's petition was denied on procedural grounds, this Court may issue a COA if the petitioner demonstrates that

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling.

*Id.* at 478, 120 S.Ct. 1595.

### B. Application

Petitioner does not attempt to make the requisite showing under this standard and his motion cannot be construed to do so. He contends 1) that counsel on his first habeas petition failed to inform him of procedural requirements for preserving his rights and 2) that this Court should apply equitable tolling because he exercised due diligence in pursuing his rights. These arguments, however, simply reiterate St. Germain's objections to Magistrate Judge Bowler's R & R and his attached affidavit. As such, they have already been considered. St. Germain's motion for a COA adds nothing to his previous filings which would alter the Court's prior conclusion that "a plain procedural bar is present ... [which the Court was] correct to invoke ... to dispose of the case." *Slack,* 529 U.S. at 484, 120 S.Ct. 1595. His motion will, therefore, be denied.

## ORDER

In accordance with the foregoing, the motion for a certificate of appealability (Docket No. 26) is **DENIED**.

**So ordered.**