Carroll K. ST. GERMAIN, Petitioner,

v.

Michael CORSINI, Respondent.

Civil Action No. 08–11765–NMG.

United States District Court,
D. Massachusetts.

Nov. 24, 2010.

Daniel J. Ciccariello, Law office of Daniel J. Ciccariello, Quincy, MA, for Petitioner.

Anne Marie Thomas, Office of the Attorney General, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

With respect to this petition for habeas corpus, the First Circuit Court of Appeals has requested that this Court issue or deny a Certificate of Appealability ("COA") for Petitioner Carroll K. St. Germain.

## I. *Factual Background*

St. Germain was convicted of assault and two counts of first degree murder in 1978. He filed his first habeas petition in 1997 which was denied without prejudice for failure to exhaust state remedies. He subsequently returned to state court where his motion for a new trial and appeal to the single justice of the Massachusetts Supreme Judicial Court were denied.

In October, 2008, St. Germain filed a second habeas petition in federal court. In August, 2009, over Petitioner's objection, this Court accepted and adopted Magistrate Judge Marianne B. Bowler's Report and Recommendation ("R & R") and dismissed the case as time barred because 1) St. Germain had waited too long to present his unexhausted claims in state court and 2) he had not established grounds for equitable tolling. On October 20, 2009, 666 F.Supp.2d 214 (D.Mass.2009), the Court denied Petitioner's motion for a COA. Petitioner appealed that denial but the First Circuit ultimately denied the COA and terminated the appeal.

In August, 2010, Petitioner moved, pursuant to Fed.R.Civ.P. 60(b)(3), to vacate this Court's adoption of the R & R, its Order of Dismissal and its denial of a COA the preceding year. On October 5, 2010, the Court denied the motion and Petitioner promptly appealed. On November 15, 2010, the First Circuit issued an Order requesting that this Court, once again, promptly issue or deny a COA.

## II. *Analysis*

### A. **Legal Standard**

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the COA. 1st Cir. Loc. R. 22.1(a).

The standard for a COA depends upon whether the original petition was denied on substantive or procedural grounds. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Be-

cause St. Germain's petition was denied on procedural grounds, this Court may issue a COA if the petitioner demonstrates that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling.

*Id.* at 478, 120 S.Ct. 1595.

### B. Application

■ In order to obtain relief from final judgment pursuant to Fed.R.Civ.P. 60(b)(3), the movant must show 1) misconduct such as fraud or misrepresentation by clear and convincing evidence and 2) that the alleged misconduct substantially interfered with his ability to "fully and fairly" prepare for and proceed at trial. *Roger Edwards, LLC v. Fiddes & Son,* 427 F.3d 129, 134 (1st Cir.2005).

■ In his motion to vacate, Petitioner argued that he had a motion for a new trial pending in state court at the time he filed his first habeas petition in April, 1997, having filed such a motion in February, 1989. He asserted that Respondent willfully failed to disclose that information so that Petitioner was unable to prove equitable or statutory tolling of the statute of limitations, resulting in this Court denying his habeas petition.

■ Respondent opposed the motion, arguing that, pursuant to the "law of the case" doctrine, Petitioner's Rule 60(b)(3) motion must be denied because his allegation of fraud on the court was before the First Circuit when it ruled that his statutory tolling argument was waived. The "law of the case" doctrine is a

prudential principle that precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided.

*United States v. Vigneau,* 337 F.3d 62, 67–68 (1st Cir.2003).

Respondent further argued that Petitioner failed to satisfy the Fed.R.Civ.P. 60(b)(3) requirements because 1) there was no evidence that his counsel's failure to mention the February, 1989 motion for a new trial was intentional and 2) the omission did not prevent Petitioner from preparing his response to the motion to dismiss because he had independent knowledge of the February, 1989 motion which he had filed *pro se.* Moreover, Petitioner himself stated in his opposition to the July, 2009 R & R that he "had no state action for collateral review pending during the one year grace period."

Finally, Respondent argued that, even in light of the February, 1989 motion, Petitioner's habeas petition was still time-barred because Petitioner abandoned the February, 1989 motion by failing to file a memorandum in support and did not incorporate it into his later motion for a new trial in February, 2004.

In denying Petitioner's motion to vacate, the Court adopted one or all of Respondent's arguments and found that Petitioner had not met the requirements for relief pursuant to Fed.R.Civ.P. 60(b)(3).

Because 1) Petitioner has presented no evidence that the omission of his February, 1989 motion was intentional or that the omission "substantially interfered" with his ability to prepare his case, and 2) to decide this issue would be to re-litigate an issue already heard by the First Circuit, the Court finds that jurists of reason would not debate "whether the petition states a valid claim of the denial of a constitutional right". Nor would they debate whether this Court was correct in its procedural ruling to deny the motion to vacate.

## ORDER

In accordance with the foregoing, the certificate of appealability is **DENIED**.

**So ordered.**